UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) Docket No. 2:20-mj-00142-JHR |
| | ) |
| ABDIKAREEM HASSAN, | ) |
|     Defendant. | ) |
| | ) |

**UNITED STATES' SUPPLEMENTAL BRIEF**

Prior to the conclusion of Abdikareem Hassan's preliminary hearing, the Court ordered the parties to submit supplemental briefs addressing whether assault on a federal officer, in violation of 18 U.S.C. § 111, requires a showing of general or specific intent.[1] Consistent with the Government's arguments at the preliminary hearing, which it incorporates by reference herein, the Government submits that assault on a federal officer is a general intent crime.

Section 111 of Title 18, United States Code, which proscribes assaulting, resisting, or impeding current federal officers or employees, provides in pertinent part:

> [w]hoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated [as a federal officer or employee] while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. § 111(a)(1). The text of 18 U.S.C. § 111(a)(1) prohibits six different actions (forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering) without specifying the requisite mental state where, as here, the prohibited action involves physical contact with the

---

[1] "[G]eneral intent" is defined as "[t]he intent to perform an act even though the actor does not desire the consequences that result." Black's Law Dictionary (11th ed. 2019). By contrast, "specific intent" is defined as "[t]he intent to accomplish the precise criminal act that one is later charged with." *Id*.

1

victim. Unlike neighboring statutory provisions in which Congress requires a specific mental state, no such language appears in the text of 18 U.S.C. § 111(a)(1). *Compare* 18 U.S.C. § 113(a)(1) (statutory subsection expressly prohibits "assault with intent to commit murder"), *with* 18 U.S.C. § 111(a)(1) (statutory subsection does not specify required mental state "where such acts involve physical contact with the victim of that assault").

It appears that Congress intended for 18 U.S.C. § 111(a)(1) to criminalize a broad swath of assaultive or obstructive actions against federal officers and employees either engaged in or on account of their official duties without specifying the requisite mental state when those acts involve physical contact with the victim. "The fact that the statute does not specify any required mental state, however, does not mean that none exists" because "a guilty mind is a necessary element in the indictment and proof of every crime." *Elonis v. United States*, 575 U.S. 723, ___, 135 S. Ct. 2001, 2009 (2015) (internal quotation marks omitted).

To date, neither the Supreme Court nor the First Circuit has addressed, much less resolved, whether assault on a federal officer requires a showing of general or specific intent. In *United States v. Feola*, 420 U.S. 671 (1975), the Supreme Court considered whether it was necessary to prove that a defendant knew his victim was a federal officer to convict him under 18 U.S.C. § 111. *Id.* at 684. Explaining that the purpose of the statute was to provide maximum protection for federal officers and federal functions, the Supreme Court concluded that knowledge of the victim's identity was unnecessary because "[a]ll the statute requires is an intent to assault, not an intent to assault a federal officer." *Id*. at 679, 684. The Supreme Court did not determine whether 18 U.S.C. § 111 was a general or specific intent crime because that was not the issue presented. Instead, the Supreme Court said, "in order to incur criminal liability under [18 U.S.C. § 111] an actor must entertain *merely the criminal intent to do the acts therein specified*." *Id.* at 686 (emphasis added).

2

Several years after *Feola*, the First Circuit considered a defendant's challenge to the sufficiency of the evidence used to convict him of violating 18 U.S.C. § 111. *United States v. Caruana*, 652 F.2d 220, 221 (1st Cir. 1981). Because the issue was not presented, the First Circuit did not address the threshold issue of whether 18 U.S.C. § 111 was a general or specific intent crime. Instead, the First Circuit concluded that sufficient evidence had been introduced to show that it was the defendant's specific intent to intimidate the two federal officers who were attempting to serve a subpoena based on the defendant having released his Doberman Pinscher dogs in order to intimidate the officers. *Id*. at 222-23. More recently, the First Circuit has listed the elements that comprise a violation of 18 U.S.C. § 111(a), again without specifying the requisite mental state, stating only that "the defendant must have the intent to do the acts specified." *United States v. Charles*, 456 F.3d 249, 255 (1st Cir. 2006).

Although neither the Supreme Court nor the First Circuit has squarely addressed what mental state is necessary to violate 18 U.S.C. § 111(a), six other circuit courts have determined that assault on a federal officer is a general intent crime that requires the defendant to act knowingly, but not with a specific intent to injure. *See United States v. Masaoud*, 17-cr-173-JD, 2018 WL 1401795, at *1-2 (D.N.H. Mar. 19, 2018) (collecting circuit court cases and holding same). While not binding, the thorough and thoughtful reasoning of these six circuit courts is highly persuasive and directly on point.

The Supreme Court's decisions in *Feola* and *Elonis* also support the conclusion that 18 U.S.C. § 111(a) is a general intent crime. As the Supreme Court recognized in *Feola*, the purpose in enacting 18 U.S.C. § 111 is "to protect both federal officers and federal functions, and . . . furtherance of the one policy advances the other." *Feola*, 420 U.S. at 679. Categorizing 18 U.S.C. § 111(a) as a general intent crime furthers that congressional objective: "If a person acts in a

manner which is assaultive toward a federal official, without specifically intending harm or the apprehension of imminent harm, the official still would be impeded in the performance of his official duties." *United States v. Jennings*, 855 F. Supp. 1427, 1440 (M.D. Pa. 1994). Moreover, as the Supreme Court explained in *Elonis*, "[w]hen interpreting federal criminal statutes that are silent on the required mental state, [the Court] read[s] into the statute only that mens rea which is necessary to separate wrongful conduct from otherwise innocent conduct." *Elonis*, 135 S. Ct. at 2010 (internal punctuation marks omitted). Applying this same principle to 18 U.S.C. § 111(a), the only mens rea necessary to separate wrongful conduct from otherwise innocent conduct is general, rather than specific, intent.

Insofar as Hassan may cite the jury instructions given in *United States v. Jellison*, 2:12-00051-NT-1 to support his claim that 18 U.S.C. § 111 requires a showing of specific intent,[2] his reliance on the jury charge in *Jellison* is misplaced. The Court is not precluded from finding probable cause to believe that the offense of assault on a federal officer has been committed and that Hassan was the person who committed that offense based on the jury instructions that were given in another case involving the same offense. Further, review of the transcript in *Jellison* establishes that the prosecutor argued that assault on a federal officer was a general intent crime, but the district court disagreed and instructed the jury that assault on a federal officer required a showing of specific intent based on the district court's interpretation of the First Circuit's decision in *Caruana*. Tr. of Jury Instructions at 10, 13-14, *United States v. Jellison*, 2:12-00051-NT-1 (Oct. 9, 2012).

---

[2] After the Court ordered supplemental briefing, the Government ordered a transcript of the jury instructions in *Jellison*. A copy of the transcript is attached as Exhibit 1.

4

As previously explained, however, the First Circuit's decision in *Caruana* did not consider, much less resolve, the threshold issue of whether 18 U.S.C. § 111 was a general or specific intent crime. This is because the defendant in *Caruana* only challenged the sufficiency of the evidence, and the threshold issue was never presented to the First Circuit. Because the First Circuit did not have reason to address whether assault on a federal officer requires a showing of general or specific intent, *Caruana* does not resolve the issue. *United States v. Masaoud*, 17-CR-173-JD, 2018 WL 1401795, at *1-2 (D.N.H. Mar. 19, 2018). If the First Circuit's decision in *Caruana* had definitively determined that assault on a federal officer requires a showing of specific intent, the district courts in this circuit would have been bound to apply this holding in all future cases. Yet, at least one district court in this circuit has found the exact opposite, holding that 18 U.S.C. § 111(a) is a general intent crime. *Id*. Thus, the issue of whether 18 U.S.C. § 111 is a general or specific intent crime remains an open question about which the district courts in this circuit have disagreed.

For the foregoing reasons, the Government submits that assault on a federal officer is a general intent crime and that sufficient probable cause exists to require Hassan to appear for further proceedings.

Respectfully submitted, this 3rd day of March, 2021.

                                    DONALD E. CLARK
                                    ACTING UNITED STATES ATTORNEY
                                    DISTRICT OF MAINE

By:    *s/ Lindsay B. Feinberg*
          Lindsay B. Feinberg
          Assistant United States Attorney
          United States Attorney's Office
          100 Middle Street, East Tower
          Portland, Maine 04101
          (207) 780-3257
          Lindsay.Feinberg@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I electronically filed the United States' Supplemental Brief with the Clerk of Court using the Court's CM/ECF system, which will serve a copy of the same on all parties of record.

This the 3rd day of March, 2021.

                                          DONALD E. CLARK
                                        ACTING UNITED STATES ATTORNEY
                                        DISTRICT OF MAINE

By:   *s/ Lindsay B. Feinberg*
        Lindsay B. Feinberg
        Assistant United States Attorney
        United States Attorney's Office
        100 Middle Street, East Tower
        Portland, Maine 04101
        (207) 780-3257
        Lindsay.Feinberg@usdoj.gov